**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SELENA E. MOLINA
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

September 6, 2023

Christopher H. Raborg
1191 E. Newport Center Dr. #103
Deerfield Beach, FL 33442

Raymond J. DiCamillo, Esquire
Craig K. Ferrere, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, Delaware 19801

Paul R. Vigano
130 Main Street
New Canaan, CT 06840

Daniel A. Mason, Esquire
Elizabeth Wang, Esquire
Paul, Weiss, Rifkind, Wharton &
Garrison, LLP
500 Delaware Avenue, Suite 200
Wilmington, DE 19801

Howard W. Lutnik
110 E. 59th Street
New York, NY 10022

Citigroup Capital Partners (DE-UK), LP
1209 Orange Street
Wilmington, DE 19801

J. H. Whitney & Co., Inc.
874 Walker Road Suite C
Dover, DE 19904

Cantor Fitzgerald Financial Corporation
1209 Orange Street
Wilmington, DE 19801

Re: *Christopher Henry Raborg v. Cantor Fitzgerald Fin. Corp., et al.*,
C.A. No. 2022-0865-SEM

Dear Counsel & Case Parties:

Pending before me are no less than ten (10) motions. They include motions

to dismiss by some of the defendants, and various motions filed by the plaintiff. I

find the motions to dismiss should be granted and this action should be dismissed in

full.  I further find the plaintiff's various motions fail to support maintenance of this action or any relief; rather, this case should be closed.

This is my final report.

## I.       BACKGROUND[1]

This action stems from a purported judgment by a Brazilian court of arbitration.[2]  The plaintiff, Christopher Henry Raborg (the "Plaintiff"), avers he was a shareholder, managing partner and supervising officer of non-parties Antfactory DO Brasil Ltda. and AF Partners Ltd (together, "Antfactory").[3]  The Plaintiff pleads that the "Honorable Brazilian Court of Arbitration . . . and Federative Republic of Brazil . . . decided and adjudicated Default Judgement in favor of [the] Plaintiff" and ordered Antfactory to produce financial accounting records so that the Plaintiff "may proceed with criminal trial of several money laundering and terrorism financing

---

[1] Unless otherwise noted, all factual averments are taken from the complaint, Docket Item ("D.I.") 1, and accepted as true if well-pleaded. *See Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896 (Del. 2002). I have excluded from my consideration anything outside the well-pleaded facts.

[2] D.I. 1 ¶ 171.

[3] D.I. 1 ¶¶ 11, 23, 180, 220.

indictments[.]"[4]  Despite this adjudication, the Plaintiff avers that the defendants in this action refused to produce the books and records.[5]

The defendants named in this action are Cantor Fitzgerald Financial Corporation, Howard W. Lutnick, J.H. Whitney & Co., Inc., Paul R. Vigano, Citigroup Capital Partners (DE-UK), LP, Mary McNiff, Allianz Asset Management of America Holdings, Inc. ("Allianz"), and Tobias C. Pross (collectively, the "Defendants").  Against the Defendants, the Plaintiff purports to state five (5) claims for (1) breach of the arbitration contract, (2) securities fraud, (3) securities fraud in the inducement, (4) unjust enrichment, and (5) infringement of trademarks and intellectual property.

With his complaint, the Plaintiff filed an application to proceed *in forma pauperis* (without the payment of court costs and filing fees) and a motion to expedite.  Then-Master Griffin denied the application on September 27, 2022, because the Plaintiff notarized the application himself, without proof that such notarization was valid "under the law of the foreign jurisdiction where it was signed."[6]  Although the Plaintiff has raised concerns about this ruling, he has not

---

[4] D.I. 1 ¶¶ 11–13.

[5] D.I. 1 ¶ 16.

[6] D.I. 10.

filed any exceptions thereto; rather, he paid the required filing fees for his opening papers on October 4, 2022.[7]

I moved promptly thereafter to schedule proceedings on the motion to expedite. On October 7, 2022, I issued a letter, using my standard form, scheduling a telephonic hearing on the motion to expedite for October 20, 2022.[8] In the letter, I directed the Plaintiff to "immediately serve and transmit a copy of th[e] letter and all related suit and motion papers on defendant[s], notifying defendant[s] and their counsel, if known, of the scheduled hearing by registered or certified mail, return receipt requested, or by FedEx, United Parcel Service, or any other courier service that provides real-time tracking of delivery."[9] I further directed that the Plaintiff file an affidavit confirming service by October 12, 2022.[10] The Plaintiff failed to comply and on October 13, 2022, I cancelled the hearing.[11]

Still attempting to be responsive to the Plaintiff's request for expedition, I issued another scheduling letter on October 28, 2022.[12] The scheduling letter

---

[7] D.I. 12. *See* D.I. 37 ¶¶ 8–10.

[8] D.I. 13.

[9] *Id.*

[10] *Id.*

[11] D.I. 18.

[12] D.I. 19.

contained the same notice requirements and set the affidavit deadline for November 7, 2022, in advance of the November 15, 2022 hearing.[13] The Plaintiff, again, missed the deadline and on November 9, 2022, I issued an order denying the motion to expedite.[14]

The Plaintiff has, however, caused summonses to be issued and served on the Defendants.[15] In response, Mr. Pross, Allianz, and Ms. McNiff (the "Moving Defendants") have moved to dismiss (the "Motions to Dismiss").[16] The Plaintiff opposes those motions.[17] On May 4, 2023, I took the Motions to Dismiss under advisement.[18]

After the Motions to Dismiss were filed, the Plaintiff filed numerous motions and requests for relief. On March 15, 2023, the Plaintiff filed a letter challenging this Court's jurisdiction.[19] Thereafter, on April 13, 2023, he filed a motion to compel

---

[13] *Id.*

[14] D.I. 23.

[15] *See* D.I. 17.

[16] D.I. 20, 21, 25.

[17] *See* D.I. 27 ¶¶ 49–63; D.I. 42 ¶¶ 46–59; D.I. 48.

[18] D.I. 44.

[19] D.I. 36–38.

discovery.[20] On May 12, 2023, the Plaintiff filed a motion seeking permission to submit filings by publication and a motion for summary judgment.[21]

On May 17, 2023, I issued a minute order taking all pending motions under advisement and advising "no further motions will be accepted for filing until a final report is issued, absent a request for leave and showing of good cause."[22] But the Plaintiff was undeterred. Despite my explicit direction, the Plaintiff filed, without first seeking leave, four (4) more motions: (1) a motion to expedite; (2) a motion seeking leave to serve subpoenas; (3) a motion "to adjudicate prima facia admissible evidence" of the default judgment from Brazil; and (4) a motion for injunction and contempt of court (together with the Plaintiff's motions filed in March, April, and May, the "Plaintiff's Motions").[23] I herein address and propose a final resolution of the Plaintiff's Motions and the Motions to Dismiss.

## II.     ANALYSIS

Through the Motions to Dismiss, the Moving Defendants argue the Plaintiff fails to state any viable claims for which relief can be granted in this Court and

---

[20] D.I. 43.

[21] D.I. 46–54.

[22] D.I. 56.

[23] D.I. 57, 59–62.

against the Moving Defendants.  I agree, find the complaint fails to state any claim

for which relief can be granted, and recommend that this case be dismissed in full.

I further find that the Plaintiff's Motions fail to support maintenance of this litigation

and should be denied.

### A.    The Motions to Dismiss should be granted.

The Moving Defendants seek dismissal under Court of Chancery Rule

12(b)(1)–(6) for: "(1) Lack of jurisdiction over the subject matter, (2) lack of

jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5)

insufficiency of service of process, [and] (6) failure to state a claim upon which relief

can be granted[.]"  I focus my consideration on Rule 12(b)(6), under which I find

this action should be dismissed in its entirety.

The standard of review under Rule 12(b)(6) is settled:

> (i) all well-pleaded factual allegations are accepted as true; (ii) even
> vague allegations are "well-pleaded" if they give the opposing party
> notice of the claim; (iii) the Court must draw all reasonable inferences
> in favor of the non-moving party; and (iv) dismissal is inappropriate
> unless the "plaintiff would not be entitled to recover under any
> reasonably conceivable set of circumstances susceptible of proof."[24]

I apply this standard to the claims, which I group as follows: (1) breach of contract

(Count I), (2) securities fraud and fraud in the inducement (Counts II–III), (3) unjust

---

[24] *Savor, Inc.*, 812 A.2d at 896–97 (citations and quotations omitted) (cleaned up).

enrichment (Count IV), and (4) trademark and intellectual property infringement (Count V). For the reasons explained below, I find all claims should be dismissed.

First, the Plaintiff has failed to plead the existence of a contract to which the Defendants were parties. "To state a claim for breach of contract, the Plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the Plaintiff."[25] The Plaintiff, in Count I, references a "private contract" relating to the arbitration default judgment and a "Delaware Corporations contract." But he fails to further identify these purported contracts' parties or terms. Without such, the Plaintiff has failed to state a claim in Count I and it should be dismissed.

Second, in Counts II-III, the Plaintiff purports to state claims for securities fraud and securities fraud in the inducement. Under Court of Chancery Rule 9(b), "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, to satisfy Rule 9(b), the Plaintiff was required to allege in his complaint: "(1) the time, place, and contents of the false representation; (2) the identity of the person making the representation; and (3) what

---

[25] *Kuroda v. SPJS Holdings, LLC*, 971 A.2d 872, 883 (Del. Ch. 2009) (citations and quotations omitted) (cleaned up).

the person intended to gain by making the representations."[26]   He failed to do so and, instead, relies on group pleading and vague allegations.  Such are insufficient to support a viable claim for securities fraud or fraud in the inducement.  Both Counts II and III should be dismissed.[27]

Third, the Plaintiff failed to plead a viable unjust enrichment claim. "Under the standard Delaware formulation of the elements of a claim for unjust enrichment, a plaintiff must plead and later prove (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law."[28]  "The fifth element need only be established if there is a dispute over jurisdiction."[29]  Even setting aside a jurisdictional dispute, the Plaintiff failed to plead any cognizable enrichment vis-à-vis impoverishment specific to any of the Defendants. The Plaintiff allegations are

---

[26] *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1050 (Del. Ch. 2006) (citations omitted).

[27] The claims also appear to fall within the federal courts' exclusive jurisdiction. *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1065 (2018) ("federal courts have exclusive jurisdiction over 1934 Act claims").

[28] *Garfield ex rel. ODP Corp. v. Allen*, 277 A.3d 296, 341 (Del. Ch. 2022) (citations and quotations omitted).

[29] *Restanca, LLC v. House of Lithium, Ltd.*, 2023 WL 4306074, at *34 (Del. Ch. June 30, 2023), judgment entered, (Del. Ch. 2023) (citing *Garfield v. Allen*, 277 A.3d 296, 351 (Del. Ch. 2022)).

vague and fail to meet even the relatively low bar of notice pleading.[30] Count IV should be dismissed.

Fourth, and finally, the Plaintiff has failed to state a claim for trademark and intellectual property infringement. A claim for infringement requires, at the least, identification of a valid and legally protected trademark or interest in other intellectual property.[31] The Plaintiff's averments fail to specify any such interests. The averments further fail to provide notice to the Defendants regarding how they are alleged to have infringed upon those alleged marks or other intellectual property rights. Thus, Count V fails to state a claim and should be dismissed.

## B.     The Plaintiff's Motions should fail.

Having found that the Motions to Dismiss should be granted, the Plaintiff's Motions need not be considered. I pause, nonetheless, to address them in turn and find none alone, nor taken together, support keeping this action open. Rather, the Plaintiff's Motions should be denied and this action should be closed.

---

[30] Court of Chancery Rule 8(a)(1) requires the pleader to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Such is a permissive notice pleading standard. "There are limits, however, as the plaintiff's allegations should at least put the defendants on fair notice in a general way of the cause of action asserted." *Busch v. Westell Techs., Inc.*, 2023 WL 2333823, at *4 (Del. Ch. Mar. 2, 2023) (cleaned up). Here, the Plaintiff's allegations fail this permissive, minimal standard.

[31] *See, e.g.*, *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).

First, the Plaintiff's motion seeking permission to file by publication fails to state any basis for relief. The Court has a process through which self-represented litigants may file electronically.[32] The Plaintiff completed one step of that process—he executed the "Pro Se E-Filing Affidavit." But the docket reflects that he has not moved forward with filing electronically. The Plaintiff avers he "was not granted access to file electronically," but it was incumbent upon the Plaintiff, not the Court, to set up the necessary File & Serve Xpress account and to move forward with filing electronically. It appears he failed to do so and, as such, no relief is warranted.

Second, the Plaintiff's discovery-related requests should be denied. The Plaintiff's motion to compel requires a viable underlying claim and previously served discovery requests, none of which are present. Likewise, the Plaintiff's motion for summary judgment is procedurally improper. I recommend herein that the complaint be dismissed at the pleading stage, permitting no discovery or factual generation for review at the summary judgment stage. The same reasoning undermines the requests for subpoenas, admission of other evidence, injunctive relief, and contempt findings.

---

[32] *See* Guide for Self-Represented Litigants in Civil Actions in the Court of Chancery (accessible at https://courts.delaware.gov/chancery/).

Finally, the Plaintiff's second request for expedition rings hollow. Setting aside the nonviability of the Plaintiff's claims, the Plaintiff has already been given two chances to seek expedited consideration of this action. The Plaintiff's first motion to expedite was denied because the Plaintiff failed to move with alacrity to provide sufficient notice to the Defendants in advance of the two expedited hearings I scheduled. The Plaintiff fails to demonstrate in his revived motion that he should be permitted a third chance.

The Plaintiff's Motions should, therefore, be denied.

## III.   CONCLUSION

For the above reasons, I find that the Motions to Dismiss should be granted, and the Plaintiff's Motions denied. This action should be closed. This is my final report and exceptions may be filed under Court of Chancery Rule 144.

Respectfully submitted,

/s/ *Selena E. Molina*

Magistrate in Chancery